Mr. Justice Kelley
dissenting:
I respectfully dissent. The contract here is substan *562 tially the same as the one set forth in detail in Badger v. Nu-Tone, 162 Colo. 216, 425 P.2d 698. We there held that where a contract of employment provides that advances to the employee are to be charged to and deducted from the commissions agreed upon as the same may accrue, the employer, in the absence of an express or-implied promise to repay any excess of advances over commissions earned, cannot recover such excess from the employee.
. It is true, as the majority pointed out, that the court went beyond the four corners of the instruments in determining what the parties intended. That case was presented to us in a different posture. The trial court approached its decision from an erroneous position as to the applicable law. Consequently, in order to attempt to convince the court of the merits of his position, Badger was compelled to go into the surrounding circumstances.
To illustrate the substantial similarity between the two contracts, the specific provision relating to advances is set forth:
“* * * Any sum so advanced against anticipated commissions, which proves to be in excess of the commissions actually earned shall be an obligation of the second party to the first party and shall in any event become due and payable within ninety (90) days from the date of the advancement and shall remain a debt of second party until paid in full. If collection is required at any time, second party shall pay the reasonable cost thereof including attorney’s fees. All commissions shall be due and payable and all obligations of the second party under the contract shall be due and payable at the office of the first party in Denver, Colorado.”
The italicized language was not present in Badger. The additional language was not an effort to overcome the Badger decision, the contract having been entered into prior to Badger.
My disagreement with the majority results from my belief that the additional language does not constitute *563 an express or implied promise to repay any excess of advances over commissions earned, except from future commissions; that, at best, the language is ambiguous. This being true, it follows that the language was subject to construction by the trial judge as the trier of the facts. Skinner v. Davidson, 142 Colo. 423, 351 P.2d 872.
After Nu-Tone presented its evidence, Markham moved for dismissal on the ground that Nu-Tone, upon the facts and the law, had shown no right to relief. C.R.C.P. 41 (b)(1).
The question on review is not whether the plaintiffs made a prima facie case, but whether a judgment in favor of the defendant was justified on the plaintiff’s evidence. If reasonable men could differ in the inferences and conclusions to be drawn from the evidence as it stood at the close of the plaintiff’s case, then we cannot interfere with the findings and conclusions of the trial court. Teodonno v. Bachman, 158 Colo. 1, 404 P.2d 284.
The italicized language, “and shall remain a debt of second party until paid in full,” is talking about the same debt which we said in Badger had to be paid out of commissions earned or the reserve account. The only effect the change had as the trial judge construed the contract, was to continue the liability to repay the excesses out of commissions beyond ninety days from the date of the advances.
Even if the majority feels that such construction is erroneous, it seems clear to me that the language is sufficiently ambiguous to call into play the trial court’s fact finding responsibility.